STATE OF CONNECTICUT *v.* JAMES M. JENKINS

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 473

Argued September 28—decided December 16, 1977

*Howard T. Owens, Jr.,* with whom, on the brief, was *Stephen F. Donahue,* for the appellant (defendant).

*John D. Ward,* prosecuting attorney, for the appellee (state).

ANTHONY J. ARMENTANO, J. The defendant was charged with the crime of carrying a pistol without a permit in violation of § 29-35 of the General Statutes and found guilty. Subsequently, the judgment was set aside, and the matter was nolled. Later, the nolle was opened and the judgment of guilty reinstated. From the decision to open the nolle, the defendant appeals.

The following is a chronological summary of the bizarre facts: On May 9, 1972, the defendant entered a plea of guilty to the charge of carrying a pistol without a permit and was found guilty. On June 22, 1972, he was fined $200, which he paid the same day. On January 9, 1976, the plea of guilty and the finding of guilty were vacated and the prosecutor nolled the matter adding the "fine will stand." The fine of $200 was retained by the state. On January 19, 1977, the prosecutor filed a motion to open the nolle and to reinstate the finding of guilty. On February 14, 1977, the motion was granted and the court ordered that the "prior plea and finding are reinstated as

well as the penalty imposed." Subsequent to February 14, 1977, the fine of $200 was returned to the defendant.

The defendant appeals from the granting of the state's motion to open the nolle and the reinstatement of the finding of guilty. He assigns as error the granting of the motion to open the nolle entered on January 19, 1977, and the reinstating of the prior plea and finding of guilty in addition to the penalty imposed.

The oral pronouncement of the imposition of the fine of $200 by the trial court on June 22, 1972, was a final judgment. *State* v. *Henkel,* 23 Conn. Sup. 135, 136. When the defendant paid the fine in full, his voluntary payment of it terminated the action. The case reached finality at that point. *State* v. *Henkel,* supra. On January 9, 1976, the court had no power to open the judgment and vacate the plea and finding of guilty. Nor did the prosecutor have the power to nolle a case which was not pending in court. The action of the trial court and the prosecutor were both improper. The action of the trial court on February 14, 1977, merely corrected its improper decision of January 9, 1976. By so doing, the court left no doubt that its decision of June 22, 1972, was the final and the correct one.

The defendant claims that the charge against him was erased prior to the court's action on February 14, 1977, because at least thirteen months had elapsed since the entry of the nolle on January 9, 1976. The defendant primarily relies on § 54-90 (c) of the General Statutes which states that "[w]henever any charge in a criminal case has been nolled . . . in the court of common pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the . . . prosecuting attorney . . . shall be erased . . . ." That statute

applies to a situation where a nolle was properly and unconditionally entered. It does not apply to this case, with its unique facts. The nolle entered here was not proper or lawful because the prosecutor had no power to enter it. His action in making the nolle conditional upon the payment of the fine was likewise a nullity.

The reason given by the prosecutor on January 9, 1976, when he requested the court to vacate the plea and finding of guilty, was to enable the defendant to obtain an accounting position which required him to be bonded. With this conviction of a felony he would not be able to get a bond. "The opportunity for a man at all times to clear his record is, of course, of great value. Against this must be weighed the advantage to the state that litigation be ended at some stage." *State* v. *Henkel,* supra, 139. The defendant's remedy is before the board of pardons which is empowered to grant absolute pardons for any offense against the state after the imposition of sentence. General Statutes § 18-26.

There is no error.

In this opinion A. HEALEY and PARSKEY, Js., concurred.