## STATE OF CONNECTICUT *v.* JEFFREY TORRANCE
## (AC 18837)

Foti, Landau and Dupont, Js.

Submitted on briefs June 9—officially released September 7, 1999

*Lee N. Johnson* filed a brief for the appellant (defendant).

*Kevin T. Kane,* state's attorney, *Rita M. Shair,* assistant state's attorney, and *Lonnie Braxton,* deputy assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Jeffrey Torrance, appeals from the trial court's denial of his demand for a trial de novo filed pursuant to General Statutes § 51-193u (d).[1] See also Practice Book § 44-30.[2] He claims

---

[1] General Statutes § 51-193u (d) provides: "A decision of the magistrate, including any penalty imposed, shall become a judgment of the court if no demand for a trial de novo is filed. Such decision of the magistrate shall become null and void if a timely demand for a trial de novo is filed. A demand for a trial de novo shall be filed with the court clerk within five days of the date the decision was rendered by the magistrate and, if filed by the prosecutorial official, it shall include a certification that a copy thereof has been served on the defendant or his attorney, in accordance with the rules of court. No record of the proceedings shall be required to be kept."

[2] Practice Book § 44-30 provides in relevant part: "(a) Infractions and motor vehicle violations which may be submitted to a magistrate pursuant to statute may be heard by magistrates in those court locations where a magistrate has been appointed by the chief court administrator, except that magistrates may not conduct jury trials.

that the trial court improperly concluded that it lacked jurisdiction. We agree and reverse the trial court's ruling.

The defendant was ticketed for failure to make an appropriate turn signal in violation of General Statutes § 14-242. He entered a plea of not guilty, was tried before a magistrate, found guilty and fined $78. He was instructed to pay the fine at the clerk's office, which he did before leaving the courthouse. Three days later he filed his demand for a trial de novo, which was denied by the trial court. The trial court concluded that because the defendant paid the fine, the trial court lacked jurisdiction to grant a trial de novo.

The state concedes, and we agree, that the magistrate system does not preclude a person from the opportunity to be heard before a judge of the Superior Court. Because the defendant filed his demand for a trial de novo within five days of the magistrate's action as required by § 51-193u (d), the magistrate's ruling became null and void, and the defendant was entitled to a trial de novo.[3]

"(b) Hearings by magistrates shall be conducted in accordance with the criminal rules of evidence and with the provisions of chapter 42 insofar as the provisions of that chapter are applicable. A magistrate shall sign all orders the magistrate issues, such signature to be followed by the word 'magistrate.'

"(c) A decision of the magistrate, including any penalty imposed, shall become a judgment of the court if no demand for a trial de novo is filed. Such decision of the magistrate shall become null and void if a timely demand for a trial de novo is filed. A demand for a trial de novo shall be filed with the court clerk within five days of the date the decision was rendered by the magistrate and, if filed by the prosecuting authority, it shall include a certification that a copy thereof has been served on the defendant or his or her attorney, in accordance with the rules of practice. . . ."

[3] General Statutes § 54-96a vacates an appeal and restores the judgment "of the Superior Court" of a fine only, when the fine is paid before the appeal is heard. The payment of such a fine fully executes the sentence, terminates the case and precludes an appeal. *State* v. *Jenkins,* 35 Conn. Sup. 516, 518, 394 A.2d 294 (1977); *State* v. *Henkel,* 23 Conn. Sup. 135, 137, 177 A.2d 684 (1961). The fine in the present case is not from a judgment of the Superior Court.

The judgment is reversed and the matter is remanded for a trial de novo.